NOV 30 2022 PM4:34
FILED - USDC - BPT - CT



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*          *(203)821-3700*
*157 Church Street, 25th Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut 06510*          *www.justice.gov/usao/ct*

November 30, 2022

James P. Maguire, Esq.
Assistant Federal Defender
Federal Public Defender's Office
265 Church St., Suite 702
New Haven, CT 06510-7005

Re:  United States v. Ahmad Khalil Elshazly
<u>No. 3:20-CR-71 (VAB)</u>

Dear Attorney Maguire:

This letter confirms the plea agreement between your client, Ahmad Khalil Elshazly (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count One of a two-count indictment charging a violation of 18 U.S.C. § 2339B(a)(1) (Attempting to Provide Material Support and Resources to Designated Foreign Terrorist Organization).

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant knowingly attempted to provide material support or resources, which pursuant to 18 U.S.C. § 2339B(h), includes personnel, that is, one or more individuals (who may be or include Defendant) to work under the terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization, to a designated foreign terrorist organization;

James P. Maguire, Esq.
November 30, 2022
Page 2

2. The defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism; and

3. The defendant is a national of the United States or the offense occurred in the United States.

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of 20 years of imprisonment.

### Supervised Release

In addition, the Court may impose a up to a life term of supervised release to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two (2) years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties

James P. Maguire, Esq.
November 30, 2022
Page 3

and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C.
§ 3572(h), (i) and § 3612(g).

### Forfeiture

Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. §§ 981(a)(1)(G)(i)-(iv), and 28 U.S.C. §
2461(c), the defendant agrees to forfeit to the United States: (1) his assets, foreign or domestic
(18 U.S.C. §§ 981(a)(1)(G)(i) and (iv) and 28 U.S.C. § 2461(c)); (2) all assets acquired or
maintained by any person with the intent and for the purpose of supporting, planning,
conducting, or concealing the offenses charged in in the indictment (18 U.S.C. § 981(a)(1)(G)(ii)
and 28 U.S.C. § 2461(c)); (3) assets derived from, involved in, or used or intended to be used to
commit the offenses charged in the indictment (18 U.S.C. § 981(a)(1)(G)(iii) and 28 U.S.C. §
2461(c)); and (4) any property, real or personal, which constitutes or is derived from proceeds
traceable to the offenses charged in the indictment (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §
2461(c)).

Such assets include, but are not limited to: (1) $500 in U.S. currency the defendant
provided to a person on December 14, 2019; and (2) items seized from the defendant on
December 15, 2019, including (a) $500 in U.S. currency; (b) three $100 Amazon gift cards; (c)
Axon ZTE cellular telephone, Model ZTE-b20176; (d) Blackberry DTEK60; (e) ASUS micro
storage device (thumb drive); and (f) Seagate 2000GB Hard Drive, SN-Z1E0KZ33.  18 U.S.C. §
981(a)(1)(G), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of
action to claim that he is a "substantially prevailing party" for the purpose of recovery of
attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C.
§ 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable
Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an
appropriate sentence in this case and is not bound by this plea agreement.  The defendant agrees
that the Sentencing Guideline determinations will be made by the Court, by a preponderance of
the evidence, based upon input from the defendant, the Government, and the United States
Probation Office.  The defendant further understands that he has no right to withdraw his guilty
plea if his sentence or the Guideline application is other than he anticipated, including if the
sentence is outside any of the ranges set forth in this agreement.

James P. Maguire, Esq.
November 30, 2022
Page 4

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement.  The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

James P. Maguire, Esq.
November 30, 2022
Page 5

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2M5.3 is 26.  That level is increased by two (2) under U.S.S.G. § 2M5.3(b)(E) based on his provision of material support or resources with the intent, knowledge, or reason to believe they were to be used to commit or assist in the commission of a violent act.  Because the offense is a felony which involved, or was intended to promote a federal crime of terrorism, that level is increased by twelve (12).  U.S.S.G. § 3A1.4(a), resulting in an adjusted offense level of 40.

Three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 37.

The parties agree that under U.S.S.G. § 3A1.4(b), the defendant's Criminal History is shall be Category VI.

A total offense level 37, assuming a Criminal History Category VI, would result in a range of 360 months to life imprisonment (sentencing table), but because the statutory maximum for the Count One offense is 20 years (240 months) of imprisonment, the applicable Guideline range is 240 months.  U.S.S.G. § 5G1.1(a).  The fine range is $40,000 to $400,000.  U.S.S.G. § 5E1.2(c)(3).  The defendant is also subject to a supervised release term of one (1) year and up to a life term.  U.S.S.G. § 5D1.2.

The defendant reserves the right to seek a departure or a non-Guidelines sentence, and the Government reserves the right to object to a departure or a non-Guidelines sentence.  Based on the circumstances of this case and the terms of this agreement, including the defendant's agreement to the imposition of a life term of supervised release, the Government will not seek a sentence of imprisonment greater than 15 years.  The parties agree that a life term of supervised release should be imposed, and the parties will jointly request that the Court impose a life term of supervised release.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above.  The defendant further understands that the Court will impose a sentence after hearing from the parties and is not bound by either party's position on what sentence to impose.  The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond

James P. Maguire, Esq.
November 30, 2022
Page 6

to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

The defendant waives any right to claim the statements made before, on, or after the date of this agreement, including the factual basis within this agreement or adopted by him and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Rule 410, Fed. R. Evid., and Rule 11(f), Fed. R. Crim. P., the Sentencing Guidelines, or any other provision of the Constitution or Federal law.

James P. Maguire, Esq.
November 30, 2022
Page 7

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence.  In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 15 years' imprisonment, a life term of supervised release, a $250,000 fine, a $100 special assessment, and forfeiture as described above, even if the Court imposes such a sentence based on an analysis different from that specified above.  The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

James P. Maguire, Esq.
November 30, 2022
Page 8

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty.  Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement.  The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

James P. Maguire, Esq.
November 30, 2022
Page 9

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the attempted provision of material support and resources to a designated foreign terrorist organization between on or about September 4, 2018 and December 15, 2019, which forms the basis of Counts One and Two of the indictment in this case. After sentencing, the Government will move to dismiss Count Two of the indictment because the conduct underlying the dismissed count will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

James P. Maguire, Esq.
November 30, 2022
Page 10

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

MARGARET M. DONOVAN
ASSISTANT UNITED STATES ATTORNEY

DANIEL GARDNER
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_Ahmad Elshazly_

AHMAD KHALIL ELSHAZLY
The Defendant

_11-30-2022_
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

JAMES MAGUIRE, ESQ.
ASSISTANT FEDERAL DEFENDER
Attorney for the Defendant

_11/30/22_
Date

SABRINA SHROFF, ESQ.
Attorney for the Defendant

_11-30-2022_
Date

James P. Maguire, Esq.
November 30, 2022
Page 11

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant Ahmad Khalil Elshazly and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the indictment:

1. On or about September 4, 2018, through on or about December 15, 2019, in Connecticut and elsewhere, the defendant knowingly attempted to provide material support and resources, that is, personnel, namely himself, to the Islamic State of Iraq and al-Sham ("ISIS"). ISIS at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act.

2. The defendant knew that ISIS was a designated foreign terrorist organization, and knew that ISIS had engaged in, and was engaging in, terrorist activity and terrorism.

3. The defendant wanted to travel to Syria to fight for ISIS. For example, to assist in his travelling overseas, on or about October 30, 2019, the defendant sent a person a photograph of his passport. In numerous conversations online and in person, he pledged allegiance to ISIS and its leader, Abu Bakr Al-Baghdadi. For example, on or about October 31, 2019, the defendant sent a message pledging allegiance (bayat) to the new leader of ISIS, saying "I pledge my allegiance...to the Khilafah (the successor of the leadership) of the Muslims Abu Ibrahim Al Husseini Al Hashami Al Qurashi…" (after Abu Bakr Al-Baghdadi's death).

4. On December 14, 2019, the defendant paid $500 to be transported to Turkey. The defendant believed the person he paid was an ISIS facilitator and would be able to smuggle him out of the United States to Turkey. He further believed that travelling to Turkey would enable him to connect with ISIS members overseas, who, in turn, would assist him with traveling to ISIS within Syria.

5. On December 15, 2019, the defendant drove his car to meet with a person who he believed would help transport him overseas. The defendant had two medium-sized bags containing his clothing and personal items as well $500 in U.S. currency, three $100 Amazon gift cards, Axon ZTE cellular telephone (Model ZTE-b20176), Blackberry DTEK60, ASUS micro storage device (thumb drive), and Seagate 2000GB Hard Drive (SN-Z1E0KZ33). He placed those items into this person's vehicle.

James P. Maguire, Esq.
November 30, 2022
Page 12

     This written stipulation is part of the plea agreement.  The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.


AHMAD KHALIL ELSHAZLY
The Defendant

MARGARET M. DONOVAN
ASSISTANT UNITED STATES ATTORNEY

JAMES MAGUIRE, ESQ.
ASSISTANT FEDERAL DEFENDER
Attorney for the Defendant

DANIEL GARDNER
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE

SABRINA SHROFF, ESQ.
Attorney for the Defendant