UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| | ) |
| v. | ) Case Number: 3:20-CR-00071-VAB |
| | ) USM Number: 26634-014 |
| AHMAD KHALIL ELSHAZLY | ) |
| | ) **John Cella & Konstantin Lantsman** |
| | ) Assistant United States Attorneys |
| | ) |
| | ) **Josh B Ewing & Sabrina P. Shroff** |
| | ) Defendant's Attorneys |

**THE DEFENDANT:** pled guilty to Count 1 of the Superseding Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2339B(a)(1) | Attempting to Provide Material Support and Resources to Designated Foreign Terrorist Organization | 12/15/2019 | 1s |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 92 months on count 1 of the Superseding Indictment.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of Life. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. You shall be placed on location monitoring at the discretion of the Probation Office for a period of six months upon your first six months of supervised release. The conditions/discretion on technology will be set by the probation officer.
2. You must submit your person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you must inform any other residents that the premises may be subject to searches pursuant to this condition.
3. You shall participate in mental health counseling or therapy. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.
4. You shall not associate in person, through mail, electronic mail, internet, instant messaging, social networking, or telephone with any individual he knows to support, or have any affiliation with, any Foreign Terrorist Organization,

as designated under 8 U.S.C. § 1189, or who otherwise supports the use of violence to intimidate or coerce a civilian population or a government, without the permission of the probation officer; nor shall the defendant frequent any establishment, or other locale where these groups may meet pursuant, but not limited to, a prohibition list provided by the United States Probation Office. This condition shall not apply to houses of worship but is without prejudice to site specific prohibitions ordered upon application for appropriate modification.

5. You shall not possess, view, access, or otherwise use material that he knows reflects extremist or terroristic views without the permission of the probation officer. Extremist or terroristic material includes videos, magazines, articles, books, pictures, or graphics produced by or in support of any Foreign Terrorist Organization, as designated under 8 U.S.C. §1189, or that supports the use of violence to intimidate or coerce a civilian population or a government.
6. You shall participate in polygraph examinations required by the United States Probation Office to obtain information necessary for risk management and correctional treatment.
7. You must submit all computers (as defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You must warn any other users of such items that the items may be subject to searches pursuant to this condition.
8. You shall permit the United States Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining if the defendant is viewing materials, and/or communicating with individuals or organizations, which advocate terrorism. You must pay all or a portion of the costs associated with such monitoring based upon your ability to pay, as determined by the United States Probation Office. You must not download, install, or utilize any application, software, or hardware that will prevent the United States Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.
9. To ensure compliance with the preceding monitoring condition, you must allow the United States Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. You must allow the United States Probation Office to use such equipment as is necessary to determine the presence of an Internet/Wi-Fi connection.
10. You shall have no contact, direct or indirect, with CHS-1, CHS-2, CHS-3,CHS-4, or any of their family members, by any means, including in person or by telephone, mail, facsimile, text messaging, email, chat rooms, instant messaging, over the Internet, through social media, or through any other form of electronic communication. The defendant shall permit the U.S. Probation Office to use monitoring software (described above) to determine whether the defendant has been in contact with any of these prohibited individuals or any of their family members.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | |
|---|---|
| **Special Assessment:** | $100.00 |
| **Fine:** | $.00 |
| **Restitution:** | $.00 |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

DEFENDANT: AHMAD KHALIL ELSHAZLY
CASE NUMBER:3:20-CR-00071-VAB(01)

The following counts have been dismissed: 1, 2s

**FORFEITURE:**

The following property of the defendant is ordered condemned and forfeited to the United States of America: (1) his assets, foreign or domestic (18 U.S.C. §§ 981(a)(l)(G)(i) and (iv) and 28 U.S.C. § 2461(c)); (2) all assets acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing the offenses charged in in the indictment (18 U.S.C. § 981(a)(l)(G)(ii) and 28 U.S.C. § 2461(c)); (3) assets derived from, involved in, or used or intended to be used to commit the offenses charged in the indictment (18 U.S.C. § 981(a)(l)(G)(iii) and 28 U.S.C. §2461(c)); and (4) any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses charged in the indictment (18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. §2461(c)). Such assets include, but are not limited to: (1) $500 in U.S. currency the defendant provided to a person on December 14, 2019; and (2) items seized from the defendant on December 15, 2019, including (a) $500 in U.S. currency; (b) three $100 Amazon gift cards; (c) Axon ZTE cellular telephone, Model ZTE-b20176; (d) Blackberry DTEK60; (e) ASUS micro storage device (thumb drive); and (f) Seagate 2000GB Hard Drive, SN-Z1E0KZ33. 18 U.S.C. §981(a)(l)(G), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

**JUDICIAL RECOMMENDATIONS TO THE BUREAU OF PRISONS**

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the Defendant be housed at Fort Dix or a facility close to Maryland; and that he be moved out of Wyatt as expeditiously as possible to participate in programming.

**September 29, 2026**
Date of Imposition of Judgment

/s/ Victor A. Bolden
Signature of Judge

**VICTOR A. BOLDEN**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**9/29/2026**
Date

DEFENDANT: AHMAD KHALIL ELSHAZLY
CASE NUMBER:3:20-CR-00071-VAB(01)

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following Mandatory Conditions are imposed as set forth by U.S.S.G. §5D1.3(a):

## MANDATORY CONDITIONS
(select all that apply)

(1) ■ You shall not commit another federal, state or local offense (see 18 U.S.C. § 3583(d)).

(2) ■ You shall not unlawfully possess a controlled substance (see 18 U.S.C. § 3583(d)).

(3) ☐ You shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of your legal residence (see 18 U.S.C. § 3583(d)).

(4) ■ You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as determined by the court, for use of a controlled substance.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse (see 18 U.S.C. § 3583(d)).

(5) ☐ If a fine is imposed and has not been paid upon release to supervised release, you shall adhere to an installment schedule to pay that fine (see 18 U.S.C. § 3624(e)).

(6) ■ You shall ☐ (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and ■ (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S.C. § 3572(d)), you shall adhere to the schedule.

(7) ☐ You shall comply with the requirements of the Sex Offender Registration and Notification Act (see 18 U.S.C. § 3583(d)).

(8)■ You shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you to report to the probation officer, and you shall report to the probation officer as instructed.
(3) You shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You shall answer truthfully the questions asked by your probation officer.
(5) You shall live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You shall allow the probation officer to visit you at any time at your home or elsewhere, and you shall permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you shall try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you shall notify the probation officer within 72 hours.

DEFENDANT: AHMAD KHALIL ELSHAZLY
CASE NUMBER:3:20-CR-00071-VAB(01)

(10) You shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You shall follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) ______________________________ ______________
Defendant Date

______________________________ ______________
U.S. Probation Officer/Designated Witness Date

CERTIFIED AS A TRUE COPY ON THIS DATE: ____________________
By: ________________________
Deputy Clerk

RETURN
I have executed this judgment as follows:

Defendant delivered on ______________ to ____________________________ at ________________________,
with a certified copy of this judgment.

By ________________________________
Deputy Marshal